1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JEROME H. SPRAGUE, *et al.*,                Case No.  2:20-cv-02273-KJM-JDP (PS)

12                    Plaintiff,                 FINDINGS AND RECOMMENDATIONS TO
                                                 GRANT DEFENDANTS' MOTION TO
13          v.                                   DISMISS

14   JUSTICE HARRY E. HULL, PRESIDING            ECF No. 5
     JUSTICE VANCE W. RAYE,
15                                               OBJECTIONS DUE WITHIN 14 DAYS
                     Defendants.
16

17

18

19          Defendants in this suit are two state appellate justices.  Plaintiffs are Mr. Sprague—both

20   as trustee and trustor—and the Jerome H. Sprague Family Revocable Trust.[1]  Plaintiffs have filed

21   four other federal civil rights actions against state judges, all arising from the same proceedings at

22   issue in this suit, and all of which have been dismissed, primarily due to findings of judicial

23   immunity.  *See Sprague v. Brown*, 2:17-cv-00938-KJM-GGH (E.D. Cal. Aug. 16, 2017); *Sprague*

24   *v. Phillips*, 2018 WL 1470566 (E.D. Cal. March 26, 2018); *Sprague v. Brown*, 2019 WL 1427460

25

26   ────────────────────

27          [1] As defendants point out, plaintiffs' complaint does not show that Mr. Sprague is a
     beneficiary of the trust or an attorney; he thus cannot assert claims on behalf of the trust.  *See*
28   *C.E. Pope Equity Trust*, 817 F.2d 696, 697-98 (9th Cir. 1987); *Johns v. County of San Diego*, 114
     F.3d 874, 876-77 (9th Cir. 1997).

                                                     1

(E.D. Cal. March 29, 2019); *Sprague v. Krause*, 2020 WL 5203441 (E.D. Cal. Sep. 1, 2020).[2] Under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), defendants move to dismiss this suit due to lack of subject-matter jurisdiction, Eleventh Amendment immunity, and judicial immunity.  ECF No. 5 at 2.

Plaintiffs' complaint focuses on defendants' actions and omissions during state court proceedings.  In 2003, Mr. Sprague was sued in California state court over regulatory violations. After judgment was entered against him, he appealed to the California Court of Appeal, Third Appellate District.  The appeal was denied.  In 2018, Mr. Sprague filed suit against the in-house attorney and Chief Executive Officer of the Sacramento County Air Quality District, alleging fraud relating to the 2003 litigation.  The case was dismissed.  Mr. Sprague appealed to the Court of Appeal, and Justice Hull dismissed the appeal, noting that "[t]he court examined the notice of appeal and determined the order appealed from is nonappealable."  ECF No. 1 at 29.  On September 14, 2020, Mr. Sprague filed a document titled "Appellant's Reply-Opening Brief," which accused Justice Hull of violating a local rule and Mr. Sprague's due process rights.  *See id.* at 31-38.  On September 24, 2020, Justice Hull issued an order that treated the brief as a petition for rehearing, which he denied.  *See id.* at 39.

Plaintiffs allege that Justice Hull did not properly acknowledge the merits of a form submitted as part of litigation, improperly ruled that Mr. Sprague could not appeal an order, and ruled that new briefs could not be submitted.  *See id.* at 2-7.  They claim that the "content and intention" of Justice Hull's opinions constituted perjury, that he committed fraud by ignoring the pleadings, and that he slandered Mr. Sprague in his rulings.  *Id.*  They allege that Justice Raye "ignored and allowed Justice Hull to violate Penal Code sections 123 and 125," which deal with perjury.  *Id.* at 6.  They further argue that Mr. Sprague's due process rights were violated by judicial bias toward pro se litigants, and that he suffered as a result.  *Id.* at 5-6.

---

[2] The court takes judicial notice of the court filings and orders in these four cases.  *See Reyn's Pasta Bella, LLC v. Visa USA, Imc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006).

1

**12(b)(1) Motion to Dismiss Standards**

2       Under Federal Rule of Civil Procedure 12(b)(1), defendants move to dismiss based on this

3   court's lack of subject-matter jurisdiction.  Federal courts are courts of limited jurisdiction and

4   can only adjudicate cases authorized by Congress or the Constitution.  *Kokkonen v. Guardian Life*

5   *Ins. Co.*, 511 U.S. 375, 377 (1994).  While federal courts generally have subject-matter

6   jurisdiction when a plaintiff claims that his constitutional rights were violated, they cannot

7   adjudicate constitutional claims that "are inextricably intertwined with the state court's denial in a

8   judicial proceeding of a particular plaintiff's application [for relief]."  *D.C. Court of Appeals v.*

9   *Feldman*, 460 U.S. 462, 483 n.16 (1983).  Accordingly, whenever claims would require a federal

10  court to undermine a state court judgment or to interpret the court's application of relevant laws

11  and procedures, those claims must be dismissed.  *See Bianchi v. Rylaarsdam*, 334 F.3d 895, 898

12  (9th Cir. 2003).

13      Plaintiff must show that jurisdiction exists.  *See Sopcak v. Northern Mountain Helicopter*

14  *Serv.*, 52 F.3d 817, 818 (9th Cir. 1995).  When a defendant argues that the lack of subject-matter

15  jurisdiction is apparent from the face of the complaint itself, the court treats the complaint's

16  allegations as true and considers them in the light most favorable to the plaintiff.  *See Doe v.*

17  *Schachter*, 804 F. Supp. 53, 56 (N.D. Cal. 1992).

18

**12(b)(6) Motion to Dismiss Standards**

19      Defendants also move to dismiss under Federal Rule of Civil Procedure 12(b)(6), which

20  challenges the sufficiency of the complaint.  *Vega v. JP Morgan Chase Bank, N.A.*, 654 F. Supp.

21  2d 1104, 1109 (E.D. Cal. 2009).  A complaint must provide a "short and plain statement" of a

22  plaintiff's claims.  Fed. R. Civ. P. 8(a)(2); *see also Paulsen v. CNF, Inc.*, 559 F.3d 1061, 1071

23  (9th Cir. 2009).  To survive a motion to dismiss, the complaint must allege sufficient facts that,

24  when accepted as true, "state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v.*

25  *Twombly*, 550 U.S. 544, 570 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim

26  has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

27  reasonable inference that the defendant is liable for the misconduct alleged.").  In considering a

28  motion to dismiss for failure to state a claim, the court accepts as true the complaint's factual

3

1    allegations and construes them in the light most favorable to the plaintiff.  *Corrie v. Caterpillar,*

2    *Inc.*, 503 F.3d 974, 977 (9th Cir. 2007).  The court construes a pro se pleading liberally and, prior

3    to dismissal, must give the plaintiff an opportunity to cure deficiencies in his complaint—if it

4    appears possible to do so.  *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc).

5         Judges enjoy complete immunity for judicial acts within their jurisdiction.  *See Forrester*

6    *v. White*, 484 U.S. 219, 227 (1988) (noting that the "class of acts entitled to immunity" can be

7    discerned based on the "intelligible distinction between judicial acts and the administrative,

8    legislative, or executive functions that judges may on occasion be assigned by law to perform");

9    *Stump v. Sparkman*, 435 U.S. 349, 362 (1978) ("[T]he factors determining whether an act by a

10   judge is a 'judicial' one relate to the nature of the act itself, *i.e.*, whether it is a function normally

11   performed by a judge, and to the expectations of the parties, *i.e.*, whether they dealt with the

12   judge in his judicial capacity.").  Such expansive immunity protects the independence of judges,

13   who routinely rule on highly charged disputes.  Judicial rulings can lead to disappointment and

14   frustration, and judicial immunity guards against the threat of "vexatious actions prosecuted by

15   disgruntled litigants."  *Forrester*, 484 U.S. at 225.

16   **Discussion**

17        Two of the bases for defendants' motion to dismiss—lack of subject-matter jurisdiction

18   and complete judicial immunity—turn on whether defendants are being sued based on their

19   judicial acts.  If so, defendants enjoy complete judicial immunity and this court lacks subject-

20   matter jurisdiction.

21        Here, the complaint challenges defendants' rulings.  Plaintiffs claim that defendants

22   ignored pleadings, misconstrued arguments, and committed slander—all in their judicial

23   decisions.  ECF No. 1 at 2-7.  As in plaintiffs' previously dismissed cases, plaintiffs' factual

24   allegations involve "quintessential judicial acts."  *See Sprague*, 2018 WL 1470566, at *3.  And

25   plaintiffs' allegations that defendants lacked jurisdiction when they undertook these judicial acts

26   are "conclusory and without merit[; i]t is certainly within a judge's jurisdiction to issue orders and

27   judgments."  *See Sprague*, 2018 WL 1470566, at *3.  Since plaintiffs have not shown that

28   defendants acted in "the clear absence of jurisdiction," defendants are shielded from liability by

4

absolute judicial immunity, and the court lacks jurisdiction to review these actions.  *See Mireles v. Waco*, 502 U.S. 9, 12-13 (1991); *Bianchi*, 334 F.3d at 898.

Because the court lacks subject-matter jurisdiction to review defendants' judicial actions in state court proceedings, and defendants enjoy complete judicial immunity, dismissal is proper under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).[3]  The court need not reach defendants' Eleventh Amendment immunity arguments.

## Findings and Recommendations

Because defendants are shielded by absolute judicial immunity and the court lacks subject-matter jurisdiction, leave to amend would be futile.  *See Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004).  Therefore, I recommend that

1.  defendants' motion to dismiss, ECF No. 5, be granted;

2.  plaintiffs' complaint, ECF No. 1, be dismissed with prejudice; and

3.  the clerk of the court be directed to close the case.

I submit these findings and recommendations to the district judge under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within 14 days of the service of the findings and recommendations, the parties may file written objections to the findings and recommendations with the court and serve a copy on all parties.  That document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge will review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

---

[3] Since plaintiffs have already been advised that further frivolous actions could result in sanctions, plaintiffs should consider the risk of being identified as vexatious litigants should they continue to pursue frivolous actions against state court judges.  Local Rule 151(b) allows the court to declare litigants vexatious and order them "to give a security, bond, or undertaking in such amount as the Court may determine to be appropriate" as a requirement to proceed with litigation.  While litigiousness alone is insufficient to support a finding of vexatiousness, *see Moy v. United States*, 906 F.2d 467, 470 (9th Cir. 1990), repeated litigation "without reasonable or probable cause" is vexatious, *see Microsoft Corp. v. Motorola, Inc.*, 696 F.3d 872, 886 (9th Cir. 2012).
    Prior to being deemed a vexatious litigant, a litigant must receive notice and an opportunity to be heard.  *See Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007).  This footnote does not serve as such notice, but advises plaintiffs of a risk in continuing to pursue unreasonable and unsupported litigation against state court judges.

IT IS SO ORDERED.

Dated:    August 13, 2021

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE